IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-02128-PAB

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., a foreign corporation,

    Plaintiff,

v.

FOT LLC, a foreign limited liability company,
ZHEJIANG FOCUS-ON IMPORT & EXPORT CO., LTD., a foreign corporation,
ORGILL, INC., a Tennessee corporation,

    Defendants.

## SECOND ORDER TO SHOW CAUSE

The Court takes up this matter on Defendants' Joint Response to Order to Show Cause [Docket No. 18]. On August 25, 2022, the Court ordered defendant Orgill, Inc. ("Orgill") to show cause why this case should not be remanded due to the Court's lack of subject matter jurisdiction. Docket No. 14 at 6. Specifically, the Court noted that the allegations in the notice of removal regarding each defendants' citizenship were not well-pled. *Id.* The Court additionally noted that Orgill did not appear to have complied with 28 U.S.C. § 1446.

On September 7, 2022, defendants Orgill, FOT, LLC ("FOT"), and Zhejiang Focus-on Import & Export Co., Ltd. ("Zhejiang") filed a joint response to the Order to Show Cause. Docket No. 18. Defendants cured the issues noted in the Order to Show Cause concerning the citizenship of Orgill and compliance with § 1446. However, defendants still have not properly alleged the citizenship of FOT and Zhejiang.

FOT and Zhejiang are limited liability companies.  Docket No. 18 at 3, ¶¶ 8-9.  As the Court noted in its Order to Show Cause, the citizenship of a limited liability company is determined, not by its state of organization or principal place of business, but by the citizenship of all of its members.  *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members.").  The response to the Order to Show Cause states that "FOT, LLC has two members, one of which is located in Utah, and the other of which is located in China."  Docket No. 18 at 3, ¶ 8.  The response cites FOT's certification of organization, which lists two members and their addresses and is dated November 2, 2017.  *Id.* (citing Docket No. 18-2 at 2).  However, the response does not allege the *current* membership of FOT or the domicile of the members listed in the certificate of organization.  The response is devoid of any allegations regarding the members of Zhejiang and their domicile.  *See id.*, ¶ 9.  Instead, it provides information on the laws Zhejiang is organized under and its registered agent.  *Id.*

Without the identification of each member of FOT and Zhejiang and allegations regarding their citizenship, the Court is unable to determine the citizenship of FOT and Zhejiang.  *See Den 8888, LLC v. Navajo Express, Inc.*, No. 21-cv-00321-STV, 2021 WL 463623, at *3 (D. Colo. Feb. 9, 2021); *U.S. Advisor, LLC v. Berkshire Prop. Advisors, LLC*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *2 (D. Colo. July 10, 2009) (citing *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006)); *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 768 (5th Cir. 2015) (unpublished) ("[W]e have observed that the appropriate tests for citizenship involve tracing [entities']

citizenships down the various organizational layers where necessary." (internal citation omitted)); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company.  And because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well."); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] party must list the citizenships of all the members of the limited liability company."); *Prospect Funding Holdings, LLC v. Fennell*, 2015 WL 4477120, at *2 (S.D.N.Y. July 15, 2015) (collecting New York district court decisions holding that a limited liability company must "plead facts establishing their citizenship including, . . . the identity and citizenship of their members" in order to invoke diversity jurisdiction).

Because the allegations regarding FOT's and Zhejiang's citizenship are not well-pled, the Court is unable to determine whether the Court has jurisdiction.  *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)).  It is therefore

    **ORDERED** that, on or before **September 21, 2022**, FOT and Zhejiang shall

show cause why this case should not be remanded to state court due to the Court's lack of subject matter jurisdiction.

DATED September 7, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge